UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

CIVIL ACTION NO: 3:14-cv-04887-MBS

| | |
|---|---|
| ABC Legal Services, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ANSWER OF BUTLER & HOSCH, P.A.** |
| ) | |
| Korn Law Firm, P.A., Peter D. Korn, ) | |
| Individually, Robert Hall, Clarkson and ) | |
| Korn, LLC, and Butler & Hosch, P.A., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Answering the Complaint herein, Defendant Butler & Hosch, P.A. would show the following. The Complaint does not comply with Rule 8(a)(2) in calling for a short and plain statement. In addition, the First, Fourth and Fifth causes of action are not alleged against this Defendant, yet, the allegations of those paragraphs are incorporated in the claims which name this Defendant. Pursuant to Rule 8(b)(3), this Defendant chooses to generally deny all allegations except those specifically admitted.

1. This Defendants admits Paragraphs 6, 7 and 8 of the Complaint.

2. Further, this Defendant admits that it is a law firm transacting business in the State of South Carolina. In mid-September 2014, following discussions with Defendant Korn Law Firm, P.A., this Defendant agreed to step in to serve as attorneys continuing to represent certain clients formerly of Korn Law Firm, P.A. and to continue foreclosure or collection suits which had been initiated by Korn Law Firm, P.A. Invoices billed since September 15, 2014, have been collected for the benefit of this Defendant. At that time, Peter D. Korn, individually, became an employee of this Defendant.

3. Further, this Defendant would show that it did not pay the Korn Law Firm, P.A. for the assignment of those cases it took over.  Any assets purchased from the Korn Law Firm, P.A. were very limited, consisting primarily of a computer system.

4. This Defendant did not focus upon the existence of any accounts payable from the Korn Law Firm, P.A. to the Plaintiff until it became aware of the Confession of Judgment which was sometime in November 2014.

5. With respect to the Second Cause of Action that alleges quantum meruit/unjust enrichment, this Defendant specifically denies that it has been or is being unjustly enriched.  It is earning what it is able to bill.  Further, the claim fails because the Plaintiff was contracting with and looking to collect solely from the Korn Law Firm, P.A. when it performed the services and sent its bills.

6. With respect to the Sixth Cause of Action alleging violation of the South Carolina Unfair Trade Practices Act, this Defendant denies any impropriety or deceitful action.  Further, there is no state involvement which is essential to alleging and proving a claim under this legal premise.

7. All matters inconsistent with those matters outlined above are denied, and strict proof is required.

8. The Plaintiff's claims are precluded by applicable statutes of fraud.

9. *Res Judicata* and preclusion by election of remedies are complete defenses in this matter since Plaintiff secured a judgment against Korn Law Firm, P.A. and has, and continues to take steps to collect on that judgment in state court.

10.	Plaintiff is precluded from denying the existence of the Korn Law Firm, P.A. because it secured a judgment against that entity and has sued that entity in this lawsuit.

11.	Plaintiff is not entitled to an accounting in equity as claimed. Fact discovery as available under the Federal Rules of Civil Procedure affords all the remedy that may be appropriate.

WHEREFORE, this Defendant, Butler & Hosch, P.A., demands that the Complaint be dismissed.

s/ W. Duvall Spruill
W. Duvall Spruill (Fed I.D. No. 4269)
E-mail: dspruill@turnerpadget.com
Turner Padget Graham & Laney P.A.
P.O. Box 1473
Columbia, South Carolina 29202
Telephone: (803) 254-2200
Fax: 17th Floor (803) 799-3957
**ATTORNEYS FOR BUTLER & HOSCH, P.A.**

February 4 2015