IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ABC Legal Services, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:14-04887 |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Korn Law Firm, P.A.; Peter D. | ) | |
| Korn, individually; Robert Hall; | ) | |
| Clarkson Law Firm, LLC, f/k/a | ) | |
| Clarkson and Korn, LLC; and | ) | |
| Butler & Hosch, P.A., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on the motion of Defendant Robert Hall ("Defendant Hall")

pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the causes of action against him for

failure to state a claim upon which relief can be granted.

### I. Relevant Factual and Procedural Background

Plaintiff ABC Legal Services, Inc. ("Plaintiff") filed a Complaint on December 30, 2014,

seeking payment for various debts allegedly incurred by Defendants related to the hiring of process

servers and other legal support services. ECF No. 1.

The Complaint alleges that over time, Defendant Korn and Defendant Korn Law Firm

accrued a sizeable unpaid balance with Plaintiff. *Id*. at 3, ¶ 16. "[Plaintiff] was consistently

reassured by [Defendant] Hall, who was acting in his capacity as an officer of [Defendant Korn]

Law Firm and an agent of [Defendant] Korn, that the outstanding invoices would be paid." *Id*. at

¶ 17. Defendants Korn and Korn Law Firm "gave various explanations for the delay in reimbursing

[Plaintiff] for its work . . . ." *Id*. "In reliance upon such reassurances and other promises that all

1

invoices would be paid," Plaintiff continued to provide services to Defendants Korn and Korn Law

Firm. *Id*. at ¶ 18. Eventually, Plaintiff and Defendant Korn Law Firm entered a confession of

judgment in Plaintiff's favor in the amount of $745,478.08. *Id*. at 4, ¶ 19; *see also* ECF No. 1-1.

Plaintiff alleges Defendants Korn and Korn Law Firm arranged for an asset sale to Defendant Butler

& Hosch "in large part as an attempt to avoid [Plaintiff's] rights as a creditor" of Defendants Korn

and Korn Law Firm. *Id*. at 6, ¶ 31. Plaintiff alleges that, at the same time as the asset sale to

Defendant Butler & Hosch, Defendant Korn formed a new law firm, Defendant Clarkson and Korn,

LLC, "although its distinction from Defendant [Korn] Law Firm is dubious." *Id*. at ¶ 33. Relevant

specifically to Defendant Hall, the Complaint alleges that he was, "upon information and belief . .

. an officer of [Defendant Korn Law Firm]." ECF No. 1 at 2, ¶ 5. The Complaint alleges four causes

of action against Defendant Hall: quantum meruit/unjust enrichment, *id.* at 9; accounting, *id*. at 10;

fraud, *id*. at 11; and violation of the South Carolina Unfair Trade Practices Act ("SCUPTA"), S.C.

Code Ann. § 39-5-140, ECF No. 1 at 13.

  In the portion of the Complaint setting forth Plaintiff's quantum meruit claim, Plaintiff makes

no specific mention of Defendant Hall. *Id*. at 9-10. With regard to the benefits conferred on

Defendants, Plaintiff alleges that "[b]y providing valuable services to and for the Defendants,

Plaintiff [] has conferred a benefit upon the Defendants. . . . Defendant [Korn] Law Firm has profited

and Defendant Korn has received compensation." *Id*. at 9, ¶¶ 49-50. Similarly, Plaintiff makes no

mention of Defendant Hall in its claim for an accounting. *Id*. at 10-11.

  Plaintiff's fraud claim is alleged in more detail. Plaintiff alleges that "[o]n several occasions,

Defendant[s] Korn, Hall and/or other officers of the [Korn] Law Firm have represented to Plaintiff

[] that the Defendants intended to and would pay the outstanding balance and satisfy the debt owed

Plaintiff . . . ." *Id*. at 12, ¶ 66. Plaintiff alleges that this representation was false and that "the

Defendants had knowledge that they could not and did not intend to pay the outstanding balance

. . . Such knowledge is apparent by the Defendants' actions over two (2) years, the formation of a

new law firm entity, and the merger with/acquisition by Defendant Butler [& Hosch], thereby

attempting to avoid various debts to creditors . . . ." *Id*. at ¶ 69. Plaintiff alleges that it continued

to provide services to Defendants Korn, Korn Law Firm, and Hall in reliance on these

representations and, absent the representations, it would not otherwise have continued to provide

any services to those Defendants. *Id.* at ¶¶ 68, 70-74.

Finally, Plaintiff alleges that Defendant Hall violated SCUPTA because his actions in

"promising that payment for past due services was forthcoming in order to induce further services,"

in petitioning courts and billing clients for Plaintiff's services but not passing those collections on

to Plaintiff, and in "structuring the transfer of cases and clients in such a manner as to seek to escape

the indebtedness owed" to Plaintiff constituted "unfair, deceitful, and deceptive actions" negatively

affecting the public interest by impeding the "operation of the legal system" and the "administration

of justice." *Id*. at 14, ¶¶ 83-84.

On April 20, 2015, Defendant Hall moved to dismiss the allegations against him for failure

to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 30. Plaintiff filed a response in

opposition on April 22, 2015. ECF No. 31.

## II. Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) "for failure to state a claim

should not be granted unless it appears certain that the plaintiff can prove no set of facts which

would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d

1130, 1134 (4th Cir. 1993). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Complaints that merely offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive. *Twombly*, 550 U.S. at 555.

"Facts that are 'merely consistent with' liability do not establish a plausible claim to relief." *U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 668. "In addition, although [the court] must view the facts alleged in the light most favorable to the plaintiff, [the court] will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments.'" *Nathan*, 707 F.3d at 455 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). The court will treat factual allegations of the nonmoving party as true. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994).

## III. Discussion

For the reasons below, the court concludes that Plaintiff has failed to state a claim upon which relief can be granted against Defendant Hall with respect to its quantum meruit, accounting, and SCUPTA claims. Plaintiff has, however, sufficiently pleaded a cause of action for fraud.[1]

---

[1] Defendant Hall's motion to dismiss makes much of the Complaint's characterization of Defendant Hall as an "officer" of Defendant Korn Law Firm. *See* ECF No. 1 at 2, ¶ 5. Defendant Hall cites South Carolina Rule of Professional Conduct 5.4 which prohibits a nonlawyer from being "a corporate director or officer [of a professional corporation or association authorized to practice law] or occup[ying] a position of

### A.  Quantum Meruit

"The elements of a quantum meruit claim are: (1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it without paying its value." *Earthscapes Unlimited, Inc. v. Ulbrich*, 703 S.E.2d 221, 225 (S.C. 2010) (citation omitted).  The Complaint states Plaintiff conferred a benefit upon all Defendants by providing valuable services to and for them.  ECF No. 1 at 9, ¶ 49.  The Complaint also alleges that "Defendants have been and continue to be unjustly enriched by earning fees and profits, which were only made possible through the services of [Plaintiff], while at the same time refusing to pay [Plaintiff]." ECF No. 1 at 10, ¶ 55.  These two allegations, among others, satisfy Plaintiff's pleading obligation as to the first and third elements of a quantum meruit action.

Plaintiff, however, falters on the second element—the realization of a specific benefit by Defendant Hall.  Plaintiff alleges only that Defendant Korn Law Firm "profited" and that Defendant Korn "received compensation" because of the unremunerated services of Plaintiff.  ECF No. 1 at 9,

---

similar responsibility in any form of association other than a corporation."  S.C. R. Prof'l Conduct 5.4(d)(2).  Defendant Hall's position is that he cannot be liable for Defendant Korn Law Firm's debts because he is not a lawyer and cannot, therefore, have been an officer or director of the firm.  ECF No. 30 at 3.  Plaintiff's response to the motion to dismiss, in turn, focuses on the Complaint's allegation that Defendant Hall was an agent of Defendant Korn and/or of Defendant Korn Law Firm.  ECF No. 31 at 1-2.  For the purposes of this motion, the court accepts as true Plaintiff's allegation that Hall was an agent of Defendants Korn and the Korn Law Firm.  This principal-agent relationship is in effect conceded by Defendant Hall in an affidavit of Defendant Korn that states that "Hall was a salaried employee of Korn Law Firm, P.A."  ECF No. 30-1 at ¶ 5.  The court does not at this stage in the litigation attempt to delineate the precise scope of Defendant Hall's actual or apparent authority as an agent.  Nonetheless, characterizing Defendant Hall as an agent for other Defendants cannot entirely cure several of the Complaint's failures to state a claim upon which relief can be granted.

¶ 50.  The Complaint fails to identify any particular "realization" of benefit by Defendant Hall.

Plaintiff therefore fails to plead a complete claim of quantum meruit against Defendant Hall.  *Cf.*

*Boykin Contracting, Inc. v. Kirby*, 748 S.E.2d 795, 798-99 (S.C. Ct. App. 2013) (requiring a

quantum meruit defendant to "individually" or "personally" realize a benefit in order to be held

liable).  Defendant Hall's motion to dismiss Plaintiff's quantum meruit claim is granted because the

Complaint fails to identify any benefit realized by Defendant Hall.

### B. Accounting

Plaintiff's second claim against Defendant Hall is for an accounting.  ECF No. 1 at 10-11,

¶¶ 57-64.  "An action for an accounting is an action in equity."  *Consignment Sales, LLC v. Tucker*

*Oil Co.*, 705 S.E.2d 73, 76 (S.C. Ct. App. 2010).  Although usually a remedy "designed to prevent

unjust enrichment by disclosing and requiring the relinquishment of profits received as the result of

a breach of a confidential or fiduciary duty," it is also available in certain circumstances where no

confidential or fiduciary duty exists.  *Rogers v. Salisbury Brick Corp.*, 382 S.E.2d 915, 917 (S.C.

1989).  These limited circumstances are "(1) [ ] actions involving long and complicated accounts

where it would not be practicable for a jury to comprehend the issues and correctly make

adjustment; and (2) when there is a need for discovery."  *Id.* (citations omitted) (allowing an

accounting to discover the percentage of manufacturing materials used by defendant, the amount

previously paid by defendant, and the total number of truckloads delivered by plaintiff to defendant);

*see also Tucker Oil Co.*, 705 S.E.2d at 77 (permitting an accounting where an oil company had

exclusive access to the information needed to determine the amount owed to a trucking company,

such as the number of contracts in existence, the amount of the product delivered, and the gross

proceeds from the contracts).

Plaintiff's Complaint nowhere alleges that Defendant Hall owed it a confidential or fiduciary duty. Further, because the debt owed to Plaintiff by Defendant Korn Law Firm has already been reduced to a confession of judgment, ECF No. 1-1, the court cannot conclude that this case involves "long and complicated accounts" beyond the comprehension of a jury. Finally, both parties recognize that Defendant Hall is a former employee of Defendant Korn Law Firm, presumably no longer with access to any firm records which may be helpful to Plaintiff as a discovery matter. Plaintiff has not alleged sufficient facts entitling it to an accounting from Defendant Hall. Defendant Hall's motion to dismiss Plaintiff's claim for an accounting is, therefore, granted.

**C. Fraud**

Plaintiff's third claim against Defendant Hall is one for fraud. "To prove fraud under South Carolina law, a plaintiff must prove by clear, cogent, and convincing evidence: (1) representation; (2) its falsity; (3) its materiality; (4) either the speaker's knowledge of its falsity or reckless disregard of its truth or falsity; (5) the speaker's intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." *Toney v. LaSalle Bank Nat'l Ass'n*, 896 F. Supp. 2d 455, 480 n.11 (D.S.C. 2012), *aff'd*, 512 F. App'x 363 (4th Cir. 2013); *see also Regions Bank v. Schmauch*, 582 S.E.2d 432, 444-45 (S.C. Ct. App. 2003). "[A] mere showing that a party has failed to keep his promises 'is not sufficient to demonstrate actionable fraud.'" *Tom Hughes Marine, Inc. v. Am. Honda Motor Co., Inc.*, 219 F.3d 321, 324 (4th Cir. 2000) (quoting *Woodward v. Todd*, 240 S.E.2d 641, 643 (S.C. 1978)). "Under the elements for both fraud and negligent misrepresentation, the representation at issue must be false." *Turner v. Milliman*, 708 S.E.2d 766, 770 (S.C. 2011); *see also Fields v. Melrose Ltd. P'ship*, 439 S.E.2d 283, 285 (S.C. Ct.

7

App. 1993) ("To be actionable, the representation must relate to a present or pre-existing fact and be false when made.").

A claim of fraud is subject to Fed. R. Civ. P. 9(b), which requires fraud to be pleaded with particularity.  Fed. R. Civ. P. 9(b).  "[T]he circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 559 (4th Cir. 2013) (internal quotations and citation omitted); *see also* S.C. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.").

Defendant Hall first objects that Plaintiff has not pleaded its fraud claim with sufficient particularity.  The court disagrees.  The Complaint states that "on several occasions, [Defendant Hall] . . . represented to Plaintiff [ ] that the Defendants intended to and would pay the outstanding balance and satisfy the debt owed Plaintiff . . . ." ECF No. 1 at 12, ¶ 66.  These representations were made between October 2011 and August 5, 2014, when Plaintiff was "consistently reassured by [Defendant] Hall . . . . that the outstanding invoices would be paid."  *See id*. at 3, ¶¶ 16-18.  The Complaint  alleges that Defendant Hall and the other Defendants obtained continued services from Plaintiff as a result of the false representations that the invoices would be paid.  *Id*. at ¶ 18.  These allegations put Defendant Hall on sufficient notice as to the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby" in order to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b).  *See McCauley*, 710 F.3d at 559.

8

Defendant Hall next objects that a claim of fraud can only be based on a pre-existing fact and not a promise of future action. ECF No. 30 at 7. Defendant Hall argues that "[f]raud cannot be premised on an 'unfulfilled promise to perform in the future or statements as to future events.'" *Id.* (quoting *Emerson v. Powell*, 321 S.E.2d 629, 631 (S.C. Ct. App. 1984)). However, reference to *Emerson* reveals the complete quotation to be: "[a]s *a general rule* and of particular relevance here, the fraudulent representation must relate to a present or preexisting fact and it cannot *ordinarily* be based on unfulfilled promises or statements as to future events." *Emerson*, 321 S.E.2d at 631 (emphasis added). A future promise may, however, be fraudulent under certain conditions. "A future promise is not fraudulent unless such promise was part of a general design or plan, existing at the time, to induce a party to enter into a contract or act as he or she otherwise would not have acted, to his or her injury." *Turner*, 708 S.E.2d at 770 (citing *Bishop Logging Co. v. John Deere Indus. Equip. Co.*, 455 S.E.2d 183, 187 (S.C. Ct. App. 1995)).

Viewing the factual allegations as true and giving the Plaintiff the benefit of all reasonable inferences, the Complaint gives rise to an inference that Defendant Hall's promises of future payment were part of a "general design or plan" to induce Plaintiff to act as it "otherwise would not have acted" to its injury. *See Turner*, 708 S.E.2d at 770. First, Plaintiff alleges in the Complaint that the "Defendants made the Representation to Plaintiff [ ] with the intent of inducing Plaintiff [ ] to continue to provide legal support services while knowing that they could not and would not pay for services rendered." ECF No. 1 at 12, ¶ 70. Second, Plaintiff alleges the representation caused Plaintiff to act as it otherwise would not have acted because, but for the representations, "Plaintiff [ ] would not have continued to provide legal support services to and for the Defendants, which, as a result, increased the total outstanding balance due Plaintiff [ ]." *Id*. at ¶ 68. Third, the

consistent nature of the reassurances given by Defendant Hall, *id.* at 3, ¶ 17, coupled with Plaintiff's characterization of the other Defendants' business dealings over the course of two years as "an attempt to avoid [Plaintiff's] rights as a creditor," *id*. at 6-7, ¶¶ 30-35, raise the possibility that the representations were part of a general design or plan. Therefore, the representations by Defendant Hall as alleged by Plaintiff may constitute a fraudulent future promise and will survive a motion to dismiss.

Finally, Defendant Hall urges the court to use restraint and not convert what is, in Defendant Hall's view, essentially a breach of contract action into an action in tort.  ECF No. 30 at 7-8. Defendant Hall cautions that if the court accepts Plaintiff's fraud claim "then every collection action, or case involving bad debts would result in a fraud action."  *Id*. at 7.  As a corollary, Defendant Hall argues that "Plaintiff should not be allowed to seek personal liability against a non-lawyer employee of Korn Law Firm, P.A. for statements allegedly made in the course and scope of his employment involving an outstanding balance that Korn Law Firm, P.A. owed."  *Id*. at 8.  Defendant Hall thus invokes "the general rule that if a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone and the agent is not liable for the breach of such contract."  *Lawlor v. Scheper*, 101 S.E.2d 269, 271 (S.C. 1957) (citing *Green v. Indus. Life & Health Ins. Co.*, 18 S.E.2d 873 (S.C. 1942)).

However, "[t]his principle has no application here." *Lawlor*, 101 S.E.2d at 271.  As in *Lawlor*, here "[t]he complaint clearly discloses that this action is not on the contract of sale but one in tort for the recovery of damages for an alleged false and fraudulent representation." *Id.* "All the authorities agree that an agent is liable to a third person for damages resulting from the violation of a duty which such agent owes to the third person, and that it matters not whether that violation be

10

one of malfeasance, misfeasance, or nonfeasance." *Id.* (internal citations and quotations omitted).

"The law imposes, not only upon the principal but also upon an agent concerned in a sale, a duty not

to make false statements of fact as inducements to the sale. If this duty was violated by the

defendant he is liable." *Id.* (quoting *Coe v. Ware*, 171 N.E. 732, 733 (Mass. 1930)). Here, Plaintiff

has alleged that Defendant Hall made false statements to Plaintiff to induce continued contractual

relations between Plaintiff and Defendant Hall's principal. An agent can be held liable for his

tortious conduct. "In this case, Plaintiff has alleged that Defendant violated a duty imposed by tort

law, *i.e.,* the duty not to commit fraud." *Enhance-It, LLC v. Am. Access Techs., Inc.*, 413 F. Supp.

2d 626, 631 (D.S.C. 2006). Neither Defendant Hall's position as an agent nor the existence of a

contract between Defendant Hall's principal and Plaintiff can shield him from liability for his own

tortious conduct. Defendant Hall's motion to dismiss Plaintiff's fraud claim is, therefore, denied.

### D. South Carolina Unfair Trade Practices Act

The final cause of action Plaintiff asserts against Defendant Hall is violation of SCUPTA.

SCUTPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the

conduct of any trade or commerce are hereby declared unlawful." S.C. Code Ann. § 39-5-20(a)

(1976). To succeed in a claim under SCUTPA, a plaintiff must show three elements: "(1) the

defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair

or deceptive act affected [the] public interest; and (3) the plaintiff suffered monetary or property loss

as a result of the defendant's unfair or deceptive act(s)." *Health  Promotion Specialists, LLC v. S.C.

Bd. of Dentistry*, 743 S.E.2d 808, 816 (S.C. 2013) (internal quotations and citations omitted). "An

act is 'unfair' when it is offensive to public policy or when it is immoral, unethical, or oppressive."

*Id.* at 816 (quoting *Gentry v. Yonce*, 522 S.E.2d 137, 143 (S.C. 1999)). "An act is 'deceptive' when

11

it has a tendency to deceive." *Id.* "To sustain a cause of action under the SCUTPA, the plaintiffs must establish, by specific facts, that members of the public were adversely affected by [the defendant's actions]." *Bessinger v. Food Lion, Inc.*, 305 F. Supp. 2d 574, 584 (D.S.C. 2003). Plaintiff's Complaint makes no mention of Defendant Hall in the section alleging that he violated SCUPTA. After a thorough review of the Complaint, the court agrees with Defendant Hall that there are no factual allegations in the Complaint that the alleged conduct of Defendant Hall, specifically, had any impact on the public interest at large. Therefore, Defendant Hall's motion to dismiss Plaintiff's SCUPTA claim is granted.

### IV. Conclusion

Based on the foregoing, Defendant Hall's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 30, is **granted in part and denied in part.** Plaintiff's claims against Defendant Hall for quantum meruit, an accounting, and violation of SCUPTA are **dismissed with prejudice**.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, S.C.
July 1, 2015